IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-613-FL

| | |
|---|---|
| PETER ERIC STEINKE and ESTATE OF ADRIANA STEINKE, | ) ) ) |
| Appellants, | ) ) |
| v. | ) ) |
| HARRIS VENTURES, INC. and BANKRUPTCY ADMINISTRATOR, | ) ) ) ) |
| Appellees. | ) |

ORDER

This bankruptcy case is before the court on appellants' motion for leave to file interlocutory appeal. (DE 4). Appellee Harris Ventures, Inc. ("Harris Ventures") filed a response in opposition, and the issues raised are ripe for ruling. For the following reason, the motion is denied.

To appeal an interlocutory order of the bankruptcy court, the appellant must demonstrate the order 1) "involves a controlling question of law," 2) "as to which there is substantial ground for difference of opinion," and 3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see Bullard v. Blue Hills Bank, 575 U.S. 496, 508 (2015).

Appellants have not met their burden to show that all three prerequisites for interlocutory appeal are met. Appellants contend that the appeal turns on a question of law about "whether 'the effective date of the plan' as referred to in 11 U.S.C. § 1325(a)(4) refers to the date of confirmation of the plan or to the Petition Date." (Mot. (DE 4) at 1). However, they have not shown this issue is one "as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292. As

Harris Ventures notes in its opposition, the United States Supreme Court has held that "§1325(b)(1) directs courts to determine projected disposable income 'as of the effective date of the plan,' which is the date on which the plan is confirmed." Hamilton v. Lanning, 560 U.S. 505, 518 (2010). In their motion, appellants cite In re Smith, 431 B.R. 607, 611 (Bankr. E.D.N.C. 2010), for a contrary proposition, but In re Smith was decided prior to the Supreme Court's decision in Hamilton. Where appellants do not address Hamilton in their motion, and they did not file a reply, they have not met their burden of showing "substantial ground for difference of opinion" on the issue they present. 28 U.S.C. § 1292(b).

In addition and in the alternative, appellants have not demonstrated that the appeal "may materially advance the ultimate termination of the litigation." Id. In the order on appeal, the bankruptcy court held that appellants had "not met one or more of the requirements for confirmation as enumerated in 11 U.S.C. § 1325." (DE 15-1 at 125) (emphasis added).[1] The bankruptcy court directed appellants "to file an amended plan addressing the deficiencies identified at the hearing on October 16, 2024." (Id.). Appellants filed their amended plan November 15, 2024, and hearing on that amended plan is scheduled for January 8, 2025. (Bankr. E.D.N.C. (Oct. 16, 2024) Doc. 56). Given the status of proceedings in the bankruptcy court, appellants have not shown it is appropriate now to interrupt "the process of attempting to arrive at an approved plan that would allow the bankruptcy to move forward." Bullard, 575 U.S. at 502. The court recognizes appellants' position that issues raised likely will make "a difference of over

---

[1] For purposes of the instant analysis, the court accepts appellants' characterization of the bankruptcy court's October 16, 2024, order as involving a "controlling issue of law." 28 U.S.C. § 1292(b). However, while the bankruptcy court forecasted at hearing that it would file a memorandum opinion setting forth its reasoning, no memorandum opinion was filed. (See Case 24-00511-5-DMW (Bankr. E.D.N.C. (Oct. 16, 2024) Doc. 47 (Audio Record of Hearing at 41:30)). Moreover, Harris Ventures objected to confirmation on multiple grounds, at least some of which remain unaddressed by the bankruptcy court. (See, e.g., DE 15-1 at 113-114).

$100,000.00," (Mot. (DE 4) at 2), but this assertion alone does not demonstrate that appellants have met the requirements for interlocutory appeal.

## CONCLUSION

Based on the foregoing, appellants' motion for leave to file interlocutory appeal (DE 4) is DENIED. Accordingly, the instant appeal is DISMISSED and the clerk is DIRECTED to close this case.

SO ORDERED, this the 5th day of December, 2024.

                                              LOUISE W. FLANAGAN
                                              United States District Judge